1  THOMAS M. HERLIHY (SBN 83615)
   JOHN T. BURNITE (SBN 162223)
2  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94108-2718
   Telephone:     (415) 433-0990
4  Facsimile:      (415) 434-1370

5  Attorneys for Defendants,
   THE NORTHWESTERN MUTUAL LIFE
6   INSURANCE COMPANY

7

                  UNITED STATES DISTRICT COURT

8

                  NORTHERN DISTRICT OF CALIFORNIA

9

                     (SAN JOSE DIVISION)

10

11

12  JOSEPH A. CALLAHAN, M.D.,              )  Case No. CV 08-02956 PVT
                                          )
           Plaintiff,                     )  **ANSWER TO COMPLAINT BY THE**
13                                        )  **NORTHWESTERN MUTUAL LIFE**
       v.                                 )  **INSURANCE COMPANY**
14                                        )
    NORTHWESTERN MUTUAL LIFE              )
15  INSURANCE COMPANY, MATTHEW A.          )
    PEMBERTON, TRICIA HOESLY, SHARON      )
16  A. HYDE and DOES 1 to 50,             )
                                          )
17         Defendants.                    )
                                          )
18  ─────────────────────────────────────)

19

20

21

22

23

24

25

26

27

28



1      Defendant, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

2  ("Northwestern Mutual") hereby answers the complaint filed by JOSEPH A. CALLAHAN, M.D.

3  ("Plaintiff") on file herein, as follows:

4      1.     Answering the allegations of paragraph 1 of the complaint, Northwestern Mutual admits

5  that plaintiff is a resident of California. Except as so admitted, Northwestern Mutual denies the

6  allegations in paragraph 1 of the complaint.

7      2.     Answering the allegations of paragraph 2 of the complaint, Northwestern Mutual states

8  that plaintiff incorrectly refers to Northwestern Mutual Life Insurance Company; the correct name

9  of the company is The Northwestern Mutual Life Insurance Company.  Northwestern Mutual

10  admits that it is a business entity and transacts business in the State of California.  Except as so

11  admitted, Northwestern Mutual denies the allegations in paragraph 2 of the complaint.

12      3.     Answering the allegation of paragraph 3 of the complaint, Northwestern Mutual is

13  without sufficient knowledge or information to form a belief as to the truth of the allegations

14  contained therein and on that basis denies all allegations therein.

15      4.     Answering the allegations of paragraph 4 of the complaint, Northwestern Mutual admits

16  that it issued disability income policy number D537212 ("the policy") to plaintiff in 1987 and the

17  terms, conditions and provisions of the policy speak for themselves.  Except as so admitted,

18  Northwestern Mutual denies the allegations in paragraph 4 of the complaint.

19      5.     Answering the allegations of paragraph 5 of the complaint, Northwestern Mutual admits,

20  on information and belief, that plaintiff underwent an angioplasty with stent placement in August

21  2006.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 5 of the

22  complaint.

23      6.     Answering the allegations of paragraph 6 of the complaint, Northwestern Mutual admits

24  that plaintiff was an anesthesiologist in 2006.  Except as so admitted, Northwestern Mutual denies

25  the allegations in paragraph 6 of the complaint.

26      7.     Answering the allegations of paragraph 7 of the complaint, Northwestern Mutual is

27  without sufficient information or belief to admit or deny and on that basis denies the allegations in

28  paragraph 7 of the complaint.

8.     Answering the allegations of paragraph 8 of the complaint, Northwestern Mutual admits that a November 21, 2006 medical record, purportedly written by Dr. Sekar, is attached as Exhibit B to the complaint and the medical record speaks for itself.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 8 of the complaint.

9.     Answering the allegations of paragraph 9 of the complaint, Northwestern Mutual is without sufficient personal knowledge to admit or deny the negotiations between plaintiff and his employer, and on that basis denies the allegations in paragraph 9 of the complaint.

10.     Answering the allegations of paragraph 10 of the complaint, Northwestern Mutual admits that it issued the policy to plaintiff, and the terms, conditions and provisions of the policy speak for themselves.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 10 of the complaint.

11.     Answering the allegations of paragraph 11 of the complaint, Northwestern Mutual admits that plaintiff submitted a Request for Disability Benefits form, requesting a Calculated Benefit for a partial disability.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 11 of the complaint.

12.     Answering the allegations of paragraph 12 of the complaint, Northwestern Mutual admits that plaintiff completed a Request for Disability Benefits form on August 21, 2006, and Northwestern Mutual sent plaintiff a letter dated June 27, 2007, which is attached to the complaint as Exhibit C.   The letter sent to plaintiff on June 27, 2007 speaks for itself.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 12 of the complaint.

13.     Answering the allegations of paragraph 13 of the complaint, based on the manner in which it is phrased, Northwestern Mutual denies the allegations in paragraph 13 of the complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (Breach of Contract)

14.     Answering the allegations of paragraph 14 of the complaint, Northwestern Mutual incorporates by reference its responses in paragraphs 1- 13 of the complaint, as set forth herein in its entirety.

358948.1

15.    Answering the allegations of paragraph 15 of the complaint, Northwestern Mutual admits that the terms, conditions and provisions of the policy are unambiguous.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 15 of the complaint.

16.    Answering the allegations of paragraph 16 of the complaint, Northwestern Mutual admits that the policy is in force.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 16 of the complaint.

17.    Answering the allegations of paragraph 17 of the complaint, Northwestern Mutual admits that the terms, conditions and provisions stated in the policy speak for themselves.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 17 of the complaint, including those pertaining to plaintiff's purported calculations.

## ANSWER TO SECOND CLAIM FOR RELIEF

### (Promissory Estoppel)

18.    Answering the allegations of paragraph 18 of the complaint, Northwestern Mutual incorporates by reference its responses in paragraphs 1- 17 of the complaint, as set forth herein in its entirety.

19.    Answering the allegations of paragraph 19 of the complaint, Northwestern Mutual admits that the terms, conditions and provisions stated in the policy speak for themselves.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 19 of the complaint.

20.    Answering the allegations of paragraph 20 of the complaint, Northwestern Mutual is without sufficient information or knowledge to form a belief as to the truth of the allegations regarding the alleged representation and/or alleged reliance and on that basis denies all allegations. Northwestern further denies that plaintiff had to reduce his workload.

21.    Answering the allegations of paragraph 21 of the complaint, Northwestern Mutual denies the allegations therein.

22.    Answering the allegations of paragraph 22 of the complaint, Northwestern Mutual denies the allegations and prayer for relief therein.

//

//

4

ANSWER TO COMPLAINT

358948.1

### ANSWER TO THIRD CLAIM FOR RELIEF

(Breach of Duty of Good Faith and Fair Dealing)

23.     Answering the allegations of paragraph 23 of the complaint, Northwestern Mutual incorporates by reference its responses in paragraphs 1- 22 of the complaint, as set forth herein in its entirety.

24.     Answering the allegations of paragraph 24 of the complaint, Northwestern Mutual admits that the convenant of good faith and fair dealing is implied into the policy, and the covenant of good faith and fair dealing speaks for itself.  Except as so admitted, Northwestern Mutual denies the allegations in paragraph 24 of the complaint.

25.     Answering the allegations of paragraph 25 of the complaint, Northwestern Mutual denies the allegations therein.

26.     Answering the allegations of paragraph 26 of the complaint, Northwestern Mutual denies the allegations therein.

27.     Answering the allegations of paragraph 27 of the complaint, Northwestern Mutual denies the allegations and prayer for relief asserted therein.

### ANSWER TO FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

28.     Answering the allegations of paragraph 28 of the complaint, Northwestern Mutual incorporates by reference its responses in paragraphs 1- 27 of the complaint, as set forth herein in its entirety.

29.     Answering the allegations of paragraph 29 of the complaint, Northwestern Mutual denies the allegations contained therein.

30.     Answering the allegations of paragraph 30 of the complaint, Northwestern Mutual denies the allegations and prayer for relief asserted therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31.     As a first, separate and affirmative defense, Northwestern Mutual alleges that neither the complaint nor any claim for relief therein state facts sufficient to state a claim for relief.

ANSWER TO COMPLAINT

358948.1

**SECOND AFFIRMATIVE DEFENSE**

32.     As a second, separate and affirmative defense, Northwestern Mutual alleges that plaintiff is not entitled to any benefits or any other compensation from Northwestern Mutual.

**THIRD AFFIRMATIVE DEFENSE**

33.     As a third, separate and affirmative defense, Northwestern Mutual alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in the complaint were proximately caused or contributed to by plaintiff's own comparative bad faith and/or negligence.

**FOURTH AFFIRMATIVE DEFENSE**

34.     As a fourth, separate and affirmative defense, Northwestern Mutual alleges, on information and belief, that by plaintiff's and/or his agent's own comparative bad faith and/or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in the complaint.

**FIFTH AFFIRMATIVE DEFENSE**

35.     As a fifth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

**SIXTH AFFIRMATIVE DEFENSE**

36.     As a sixth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff is barred and estopped by the doctrine of unclean hands from seeking or obtaining any recovery against Northwestern Mutual.

**SEVENTH AFFIRMATIVE DEFENSE**

37.     As a seventh, separate and affirmative defense, Northwestern Mutual denies that plaintiff has sustained any injury or damage by any act or omission by Northwestern Mutual. However, if it is established that plaintiff suffered an injury or damage for which Northwestern Mutual is held liable, Northwestern Mutual alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or his agents or attorneys, and that those negligent and/or wrongful acts by plaintiff, his agents or attorneys, eliminate and/or reduce any damages plaintiff can recover from Northwestern Mutual in this action.

6

**EIGHTH AFFIRMATIVE DEFENSE**

38.     As an eighth, separate and affirmative defense, Northwestern Mutual alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than Northwestern Mutual, and for whom Northwestern Mutual is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Northwestern Mutual in this action.

**NINTH AFFIRMATIVE DEFENSE**

39.     As a ninth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff failed to exercise reasonable care and diligence to mitigate damages, if he has any.  As a consequence, plaintiff's claims should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

40.     As a tenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff's claims for relief are barred by the principle of unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

41.     As an eleventh, separate and affirmative defense, Northwestern Mutual alleges that each and every act or statement done or made by Northwestern Mutual, or by Northwestern Mutual's agents or employees, with reference to plaintiff, was privileged as a good faith assertion of Northwestern Mutual's legal and contractual rights.

**TWELFTH AFFIRMATIVE DEFENSE**

42.     As a twelfth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursuing some or all of the claims for relief alleged against Northwestern Mutual.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43.     As a thirteenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

7

358948.1

**FOURTEENTH AFFIRMATIVE DEFENSE**

44.    As a fourteenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code section 10111.

**FIFTEENTH AFFIRMATIVE DEFENSE**

45.    As a fifteenth, separate and affirmative defense, Northwestern Mutual alleges that it acted in good faith toward plaintiff in the handling of his claim and in every other aspect of its dealings with plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

46.    As a sixteenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff's claim for punitive damages is unconstitutional.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

47.    As a seventeenth, separate and affirmative defense, Northwestern Mutual alleges plaintiff's claims for attorneys' fees are barred by California Code of Civil Procedure section 1021.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

48.    As an eighteenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Civil Code sections 337, 340(1), 340(3), 338(1), 338(4), and 339(1).

**NINETEENTH AFFIRMATIVE DEFENSE**

49.    As a nineteenth, separate and affirmative defense, Northwestern Mutual alleges that plaintiff has failed to allege, and/or has no facts to prove, under the clear and convincing evidence standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code section 3294.

**TWENTIETH AFFIRMATIVE DEFENSE**

50.    As a twentieth, separate and affirmative defense, Northwestern Mutual alleges that an award of punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

//

8

ANSWER TO COMPLAINT

358948.1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

51.    As a twenty-first, separate and affirmative defense, Northwestern Mutual alleges that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

52.    As a twenty-second, separate and affirmative defense, Northwestern Mutual alleges that plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in the complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

53.    As a twenty-third, separate and affirmative defense, Northwestern Mutual alleges that plaintiff's remedy for any alleged breach of contract is limited by Civil Code sections 3300 and 3302.

54.    Northwestern Mutual reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for the following relief by this Court:

1.    Judgment to be entered in favor of Northwestern Mutual and against plaintiff herein;

2.    Plaintiff take nothing way of the complaint;

3.    Northwestern Mutual be awarded reasonable attorney's fees and costs of suit incurred herein; and

4.    Northwestern Mutual be awarded any such costs and further relief as this Court may deem just and proper.

Dated: July 17, 2008        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
THOMAS M. HERLIHY
JOHN T. BURNITE
Attorneys for Defendant
THE NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY

ANSWER TO COMPLAINT

358948.1