**E-FILED on** 01/26/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH A. CALLAHAN, | No. C-08-02956 RMW |
| Plaintiff, | |
| v. | ORDER GRANTING MATTHEW PEMBERTON'S MOTION TO DISMISS |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, MATTHEW A. PEMBERTON, TRICIA HOESLY, SHARON A. HYDE, AND DOES 1 TO 50, | **[Re Docket No. 19]** |
| Defendants. | |

Plaintiff Joseph Callahan ("Callahan") brought suit against Northwestern Mutual Life Insurance Company ("Northwestern"), Matthew Pemberton ("Pemberton"), and other defendants in the Superior Court of the State of California for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. Northwestern removed to federal court on the basis of diversity jurisdiction. Pemberton, against whom only the promissory estoppel claim is asserted, moves to dismiss that claim. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Callahan is an anesthesiologist residing in Palo Alto California. Complaint ¶ 1. In 1987, Callahan and Northwestern entered into an insurance contract whereby Northwestern promised to pay income protection insurance benefits in the event Callahan became "totally or partially" disabled under the insurance policy. *Id.* at ¶ 4. On July 14, 2006, Callahan suffered a cardiac episode, was diagnosed with severe coronary artery disease, underwent surgery, and was placed on medication. *Id.* at ¶ 5.

When he experienced the cardiac episode, Callahan was working with a group of anesthesiologists in Fremont, California. *Id.* at ¶ 6. His duties commonly included twenty-four hour shifts and were quite stressful. *Id.* Callahan's cardiologist diagnosed stress as one cause of his coronary artery disease. *Id.* at ¶ 7. Callahan subsequently negotiated for a modified workload and reduced salary with his employer. *Id.* at ¶ 9. Callahan filed a claim with Northwestern for temporary disability benefits. *Id.* at ¶ 11. Northwestern denied his claim on June 27, 2007. *Id.* at ¶ 12.

Pemberton was a sales representative for Northwestern who met with Callahan regarding his insurance policy. *Id.* at 4. Pemberton represented to Callahan that because of his high income and high-stress practice, "it was important for him to purchase multiple policies, indexed for inflation and specifically covering 'partial disability' in the event he needed to reduce his stress levels for health reasons." *Id.*

## II. ANALYSIS

The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 902 (Cal. Ct. App. 2005)(citing *Laks v. Coast Federal Savings & Loan Assn.* 60 Cal.App.3d 885, 890, (Cal. Ct. App. 1976)). The cursory allegations in the complaint include no promise, no suggestion of reasonable reliance, and no explanation of how that reliance caused Callahan's injury. The complaint therefore does not state a claim for promissory estoppel against Pemberton.

1  In his opposition, Callahan does not argue that his promissory-estoppel claim is properly
2  pled, but suggests that his suit may sound in breach of oral contract or professional negligence. The
3  complaint nonetheless fails to state a claim against Pemberton for either cause of action.

### III.  ORDER

For the foregoing reasons, the court grants Pemberton's motion to dismiss the promissory estoppel claim, with leave to amend within 20 days from the date of this order.

DATED:     01/26/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Edward Leo Niland          nilandlaw@gmail.com

**Counsel for Defendants:**

John T. Burnite            john.burnite@wilsonelser.com
Thomas M. Herlihy          thomas.herlihy@wilsonelser.com
Sheena V. Jain             sheena.jain@wilsonelser.com
Theresa Ann Dillard        dillard@lbbslaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   01/26/09                              JAS
                                          **Chambers of Judge Whyte**